NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-768

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 253929

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

John Doe appeals from a Superior Court judgment affirming his classification by the Sex Offender Registry Board (SORB) as a level three sex offender. Doe contends that the hearing examiner improperly applied factor 31 (physical condition), that the evidence was insufficient to support the level three classification, and that the hearing examiner abused his discretion in ordering Internet publication of Doe's registry information. We affirm.

Background. We summarize the relevant facts as set forth in the hearing examiner's decision, supplemented by undisputed facts from the record. See Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 606 (2011) (Doe No. 10800).

In June 2009 a jury in the Superior Court found Doe guilty of six counts of rape of a child under sixteen with force, one count of rape, seven counts of indecent assault and battery on a child under fourteen, one count of posing or exhibiting a child in a state of nudity, and one count of disseminating to a minor material harmful to a minor. The charges stemmed from Doe's repeated sexual abuse of the victim, a teenage boy living in Doe's apartment, between 2003 and 2007. Doe committed numerous assaults on the victim, raping him, forcing him to perform and receive oral sex, and masturbating his penis. During the assaults Doe showed the victim pornographic materials and took over twenty explicit photographs of him. Doe used violence against the victim to ensure compliance, "hit[ting] him and throw[ing] things at him" and threatening to kill him if met with resistance. The abuse only came to an end when the victim moved out after he was involved in a fist fight with Doe.

Doe was sentenced to eight to twelve years in prison followed by ten years of probation. Prior to Doe's release in 2020, SORB notified him of his obligation to register as a level three sex offender. Doe challenged the recommendation and received a de novo hearing, at the conclusion of which a hearing examiner finally classified Doe as a level three offender. Doe sought judicial review, claiming that his right to due process was violated by his hearing counsel's failure to retain an

expert to opine on his medical condition -- in particular, his diagnoses of alpha-1 antitrypsin deficiency[1] and other respiratory conditions.  A Superior Court judge agreed that Doe was entitled to a new hearing and remanded the case so that Doe could request expert funds.

On remand Doe moved for expert funds, which was allowed, and retained Dr. Craig Hersh, a specialist in pulmonary diseases.  Dr. Hersh authored a report after reviewing Doe's medical records and testified at the classification hearing.  At the conclusion of the hearing, a hearing examiner again classified Doe as a level three sex offender.  This time on judicial review, a Superior Court judge denied Doe's motion for judgment on the pleadings, affirming the level three classification.

Discussion.  A reviewing court can only "set aside or modify [SORB's] classification decision where it determines that the decision is in excess of [SORB's] statutory authority or jurisdiction, is based on an error of law, is not supported by substantial evidence, or is an arbitrary and capricious abuse of discretion."  Doe, Sex Offender Registry Bd. No. 3177 v. Sex Offender Registry Bd., 486 Mass. 749, 754 (2021) (Doe No. 3177).

---

[1] Alpha-1 antitrypsin deficiency is a genetic condition that can cause serious lung and liver disease.  Doe has also been diagnosed with chronic obstructive pulmonary disorder and emphysema.

In making this determination, we "give due weight to the experience, technical competence, and specialized knowledge of the agency." G. L. c. 30A, § 14 (7). Doe therefore "bears a heavy burden of establishing that [SORB's] decision was incorrect." Doe No. 3177, supra at 757, quoting Boston Police Dep't v. Civil Serv. Comm'n, 483 Mass. 461, 469 (2019).

1. Factor 31. Doe first argues that the hearing examiner misapplied factor 31. This factor provides that the hearing examiner "shall give consideration to the offender who has a physical condition that is documented by a treating medical provider," but "[a]t minimum, the medical documentation must . . . [i]dentify the physical condition [and] . . . [p]rovide a detailed description of the offender's limitations connected to the physical condition." 803 Code Mass. Regs. § 1.33(31)(a) (2016). Doe had the burden of providing SORB with the medical documentation required. See id.

The hearing examiner acted within his discretion in giving factor 31 minimal weight. As the hearing examiner found, Dr. Hersh never spoke to or examined Doe, leaving "many important questions unanswered or with limited information." For example, Dr. Hersh asserted that Doe was "profoundly limited by shortness of breath" but admitted that the extent of Doe's "symptoms and limitations in his daily life is not well documented." Dr. Hersh also admitted that he did not know whether Doe's physical

4

condition prevented him from being sexually active and that it was "not entirely clear" what Doe's "exact response" was to the use of inhalers or the pulmonary rehabilitation program. Because Dr. Hersh's opinion was inconclusive as to Doe's "limitations connected to [his] physical condition," 803 Code Mass. Regs. § 1.33(31)(a), the hearing examiner did not err in giving this factor only limited weight. See Smith v. Sex Offender Registry Bd., 65 Mass. App. Ct. 803, 811-813 (2006) (hearing examiner has discretion to consider which regulatory factors apply and how much weight to give each factor).[2]

2. Level three classification. Doe next claims that the evidence was insufficient to support his classification as a level three offender. A level three classification is appropriate when the hearing examiner determines, by clear and convincing evidence, that "the risk of reoffense is high and the degree of dangerousness posed to the public is such that a substantial public safety interest is served by active dissemination." Doe No. 3177, 486 Mass. at 754, quoting G. L. c. 6, § 178K (2) (c). "We review the examiner's finding that clear and convincing evidence supported the classification to

_____

[2] To the extent the hearing examiner found that Doe had the same severity of symptoms at the time he offended, we agree with Doe that this was error. Nonetheless, the hearing examiner was still within his discretion in giving factor 31 limited weight, for the reasons we have stated.

5

determine whether it was supported by substantial evidence." Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 94 (2019).  Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion."  G. L. c. 30A, § 1 (6).  Our review "does not turn on whether, faced with the same set of facts, we would have drawn the same conclusion . . . but only whether a contrary conclusion is not merely a possible but a necessary inference" (quotations omitted).  Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 110 (2014).

We are satisfied that there was substantial evidence to support Doe's level three classification.  The hearing examiner carefully considered various aggravating and mitigating factors in classifying Doe.  He found that Doe's repeated assaults of an extrafamilial fourteen year old boy involved both threats of violence and a high degree of physical contact, which indicated a high risk of reoffense and degree of dangerousness.  In addition, the hearing examiner noted that Doe had prior contact with the criminal justice system, including for nonsexual violent offenses, and incurred multiple disciplinary reports while incarcerated.  The hearing examiner also considered factors in Doe's favor, such as his support system, age, and participation in sex offender treatment and that he would be

6

subject to ten years of probation after release.  Finally, as discussed above, the hearing examiner properly took Doe's physical condition into account.  Taking the evidence as a whole, the hearing examiner determined that Doe's "risk to re-offend . . . and [degree] of dangerousness" was "high" such that a level three classification was appropriate.  The record amply supports the hearing examiner's conclusion.

To the extent Doe asserts that the hearing examiner could not classify him as a level three offender because SORB's counsel argued in closing for a level two classification, we disagree.  The hearing examiner conducts an independent review of the evidence, see Doe, Sex Offender Registry Bd. No. 3844 v. Sex Offender Registry Bd., 447 Mass. 768, 772 (2006), and closing argument is not evidence.  We are likewise unpersuaded by Doe's contention that SORB failed to meet its burden of proof because it did not present an expert to counter Dr. Hersh's testimony.  There is no requirement that the hearing examiner adopt the "opinion of a witness testifying on behalf of a sex offender . . . even where the board does not present any contrary expert testimony."  Doe No. 10800, 459 Mass. at 637.  The hearing examiner's decision demonstrates that he considered Dr. Hersh's opinion but ultimately ascribed it minimal weight because of its inconclusive nature, which was within his discretion to do.  See Doe, Sex Offender Registry Bd. No. 23656

7

v. Sex Offender Registry Bd., 483 Mass. 131, 137 (2019) ("Doe is not entitled to a guarantee that SORB will reach the same conclusion as his expert; he is entitled only to careful consideration of his expert's testimony").

3. Internet dissemination. Prior to ordering Internet dissemination, a hearing examiner must make a separate finding that public access to the offender's registry information is in the interest of public safety. See Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 656-657 (2019) (Doe No. 496501). Here, Doe contends that the hearing examiner did not make adequate findings on the necessity of dissemination and failed to consider that Doe would not have access to potential victims given his current health condition, living arrangements, and global positioning system monitor.

Contrary to Doe's assertions, the hearing examiner explained how active dissemination of Doe's registry information served public safety. The hearing examiner considered that Doe "demonstrated that he can repeatedly sexually assault a [fourteen]-year-old, extrafamilial boy with a high level of physical contact over a period of years" and use threats of "violence and death" to guarantee compliance. Finding that if Doe were to "re-offend it would likely be against a young male child that he is acquainted with that he brings into his home," the hearing examiner concluded that dissemination was

8

appropriate to allow the "parents of children that are known to" Doe to access his information "to take steps to protect their children."  Substantial evidence supports this conclusion.  Cf. Doe No. 496501, 482 Mass. at 655 (Internet dissemination of a level two offender's information "will almost invariably serve a public safety interest by notifying potential victims of the risks presented by the offender in their geographic area").

Judgment affirmed.

By the Court (Shin, Brennan & Hodgens, JJ.[3]),

*Joseph F. Stanton*

Clerk

Entered:  December 14, 2023.

---

[3] The panelists are listed in order of seniority.